# JULY TERM, 1846.

## IVY vs. BARNHARTT.

*An action of trespass will not lie against a party for suing out an attachment, although the debt on which the suit was founded, was not due at the commencement of the suit.*

## APPEAL from Camden Circuit Court.

Scott, J., *delivered the opinion of the Court.*

Barnhartt brought an action of trespass against Ivy for sueing out of a Justice's Court and levying an attachment on his goods and effects. Ivy pleaded not guilty, and a justification under, and by virtue of a writ of attachment in a suit commenced and prosecuted by him against Barnhartt, in which he recovered judgment. Barnhartt replied that the debt, for the recovery of which the suit was commenced, was not due at the commencement thereof. There was a demurrer to this replication, which was overruled, and judgment was taken on the demurrer. The parties going to trial on other issues, there was a verdict for the plaintiff for $55 33. There are many other matters in the record, but the facts above stated are sufficient to show the point, and the only point in the cause.

It is difficult to imagine the principle on which an attempt is made to support an action of trespass on the facts of this case. The rule is stated in Chitty, 136, whenever an injury to a person is effected by regular process of a Court of competent jurisdiction, case is the proper remedy; trespass is not sustainable. There is a class of cases, in which it is held, that case and trespass are concurrent remedies, as when the

proceeding is in a Court having no jurisdiction, and is malicious and unfounded. Of this class is the case of Goslin vs. Wilcock, 2 Wil. 302. Leigh's N. P. 548. Lord Camden in delivering his opinion in the case of Goslin vs. Wilcock, remarks, that there are no cases in the old books of actions for sueing when the plaintiff had no cause of action; but of late years when a man is maliciously held to bail when nothing is owing, or when he is maliciously arrested for a great deal more than is due, this action has been held to lie; because the costs in the case are not a sufficient satisfaction for imprisoning a man unjustly and putting him to the difficulty of getting bail for a larger sum than is due. Whenever this kind of action is brought, the particular *gravamen* must be alleged in the declaration, and it must be laid that it was done maliciously and with an intent to injure and oppress. See 1 Sal. 14. Butler, 12—13. So I suppose an action on the case would lie against a plaintiff for maliciously sueing out an attachment against a defendant's goods and effects. The Justice clearly had jurisdiction of the subject matter of the process, and the person; and an error committed by him in the exercise of a jurisdiction, with which he is, beyond all question, vested, cannot make him, or the party suing out the process, a trespasser. The evidence in the cause is not preserved in the bill of exceptions, and we are at a loss to ascertain how the question as to the maturity of the note arose. We can well conceive cases in which it would be a question of difficulty, and about which a difference of opinion might well exist, whether a note was due or not. To hold that a Justice of the Peace, and the plaintiff in a case in which the Justice had jurisdiction, would be liable to an action of trespass for an erroneous judgment of the Justice, would be sowing the seeds of litigation broadcast, and effectually close the doors of those Courts against all suitors, as few would accept the justice dispensed to them on such terms. In cases in which the Justice has jurisdiction, for all substantial errors committed by him, the law has afforded a redress to the party injured thereby by an appeal. An original action against the officer or party is not contemplated by the Legislature as a mode of redress.

The other Judges concurring, the judgment is reversed, and the cause remanded.